PERISHABLE FREIGHT TRANSPORTATION COMPANY

v.

LOUIS O'NEILL.

41   423
57   142

*Carriers—Injury to Goods in Transit—Fruit—Damages—Evidence— Instructions—Witnesses.*

1.  A witness in a given case not having been asked if he wrote a letter purporting to be signed by him, it is not admissible for the purpose of discrediting his testimony.

2.  In an action brought to recover from a transportation company the loss sustained on carloads of fruit brought from a distance in the cars thereof, it is for the jury to find from the evidence what caused the injury to the fruit, and the damage suffered.

3.  In the case presented, this court affirms a judgment for $10,000 for the plaintiff, for injury to a consignment of cherries, arising through the failure of the defendant to keep the cars chartered by the plaintiff at a temperature named.

[Opinion filed November 21, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Appellee brought suit in assumpsit, to recover the loss by him sustained on several carloads of fruit brought in appellant's cars from California to Chicago. This action he afterward, by leave of court, changed to case.

The jury returned a verdict of $10,000 for the plaintiff, and also specially found that the injury to the fruit was due to neglect in keeping the cars at a proper temperature.

Messrs. CAMPBELL & CUSTER, for plaintiff in error.

Mr. MILLARD R. POWERS, for defendant in error.

WATERMAN, P. J. The action being case and not assumpsit, it was incumbent on the plaintiff to show that the defendant had neglected to perform some duty with which, in respect to the plaintiff, it was charged; that appellant did represent to appellee that it could keep the temperature of the cars as required is admitted, and that appellant knew that the contract was made upon the strength of such representation, is manifest.

It was known to appellant that O'Neill rented the cars of it, because he believed that it could and would keep their temperature at whatever point he might designate. Such being the case, it became its duty so to do. If such was not its duty, and, in effect, its undertaking, the record is barren of explanation of what it was that induced appellee to pay $100 each for the use of these cars.

Directions were given by appellee that the temperature of the cars should be kept at fifty degrees, and not be allowed to go above fifty-five under any circumstances; that upon their arrival at Chicago the temperature was much above this is well established.

In the words of one witness " the fruit was fairly cooked," the temperature in the cars being from sixty-five to eighty-seven degrees; no excuse is given for this by appellant.

It is urged that the court improperly allowed one of the plaintiff's witnesses to testify what the books showed the damaged fruit sold for, he having no personal knowledge as to the sales.

The objection may be well taken, but it is unimportant in view of the testimony given by other witnesses. Thacker testified from his personal knowledge as to the correctness of the account of sales from the fruit car, and that the last two cars brought less than the first.

In respect to the testimony as to the amount realized, it is to be borne in mind that it was in effect for the benefit of, rather than to the detriment of appellant; it was to show how much had been realized upon fruit spoiled by its negligence, and consequently how much should be taken off the amount which the fruit would have been worth had it arrived in a sound condition.

Appellant was present by its president when the fruit arrived, saw the state in which it was, and took no steps to protect itself against a sale for an insufficient price, but suffered appellee's agents to, as was their duty, attempt to make the best possible disposition of the damaged goods. Nor do we think there was any refusal of proper evidence offered by the defendant, for which this judgment should be reversed.

The contents or sending of a telegram can not, even on cross-examination, be shown by the reply of a witness that he did not send such and such a telegram. The witness Hixon, not having been asked if he had written the letter purporting to be signed by him, it was not admissible for the purpose of discrediting his testimony.

We can not agree with counsel in saying that there was absolutely no evidence as to the value of the cherries in the condition in which they arrived. The salesman, Klock, says that he sold the cherries and that he did the best that could be done with them. The testimony of Thacker and Merritt taken together shows what was realized for those damaged goods. It was not necessary that the jury should be able to say definitely what portion of the cherries were spoiled; it was sufficient if they could find from the evidence that a por-

tion were spoiled in consequence of the negligence of the defendant and were then able to say what damage, if any, the plaintiff suffered by reason of such spoiled condition of the fruit.

It is argued that the cherries were not injured by the high temperature, but rotted from some other cause, and that the high temperature was a result, not a cause.

It may be the case that we have no absolute knowledge as to what caused the injury to this fruit; absolute knowledge is not required of juries. It was for them to find from the evidence what caused the damage to the fruit; they have so done, and we can not say that there was not evidence warranting their conclusion.

Appellee had a right to expect that appellant would keep the temperature of the cars at fifty-five degrees, despite the influence of decaying fruit or the heat of the sun; when it failed to do so, was the inference unjustifiable that the high temperature had brought about the ruin?

As to the amount of loss sustained, the evidence is that the cherries, when shipped, were in prime, first-class condition; that there were from six to seven thousand boxes, which, if in good condition, would have been worth, in the Chicago market at jobbing rates, $2.50 a box; that ninety per cent of the fruit was spoiled. The verdict is, therefore, under any view of the evidence, for a less amount than the loss sustained.

The court should not have permitted the witness Holbrook, to have been asked as to propositions or arrangements for settlement; but his answers were such that we do not think the defendant was harmed thereby. So, too, the testimony of O'Neill as to propositions of settlement, and that he would be paid, was improper and ought, on motion, to have been struck out, but no such motion was made.

We find no error in this record warranting us in reversing the judgment, and it will be affirmed.

*Judgment affirmed.*